OPINION
{¶ 1} This is an appeal from the Montgomery County Common Pleas Court's judgment finding the defendant guilty of one count of aggravated robbery and one count of kidnaping.
 {¶ 2} Defendant, Antonio Lee Williams, was charged by indictment with two counts of aggravated robbery with a deadly weapon in violation of R.C. 2922/02(A)(1), one count of kidnaping with a deadly weapon in violation of R.C. 2905/01(A)(2), one count of felonious assault with a deadly weapon in violation of R.C. 2903/22(A)(2), and one count of grand theft, all with attached firearm specifications, except count five. Defendant entered a guilty plea to one count of aggravated robbery and kidnaping. All other counts, including all gun specifications, were dismissed. The trial court sentenced Williams to a six-year term of imprisonment on each count to be served concurrent with each other. This term was to be served concurrently with a six month sentence Williams received in Montgomery County Case 01CR1518, after violating the terms of his Intervention in Lieu of Conviction (ILC). Thus, in total, the court ordered appellant to serve six years of incarceration. This appeal followed.
 I {¶ 3} Williams argues in his first assignment of error that the trial court erred when it failed to make appropriate findings on the record with respect to the sentence. In particular, Williams contends that the court lacked requisite reason to impose a sentence more than the minimum term of imprisonment.
 {¶ 4} In its brief, the State concedes that pursuant toState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the trial court erred by failing to make statutorily sanctioned findings on the record. The Ohio Supreme Court held in Comer that statutorily sanctioned findings under R.C. 2929.14(B) must be made on the record when a trial court is imposing a non-minimum sentence. 2003-Ohio-4165 at ¶ 26. The Supreme court also held that findings required to be on the record mean "oral findings * * * at the sentencing hearing." Id.
 {¶ 5} R.C. 2929.14(B) requires that, for an offender who has not previously served a prison term, a court shall impose the shortest prison term for the offense unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In the case before us, Williams was previously charged with possession of cocaine, but had not served a prison term. Williams pled guilty to a first degree felony which has a sentencing range of three to ten years imprisonment. R.C. 2929.14(A)(1). He also plead guilty to a second degree felony which has a sentencing range of two to eight years. R.C. 2929.14(A)(2).
 {¶ 6} At Williams' sentencing hearing, the trial court stated that "the judgment and sentence of the court with respect to both charges is that you be confined for a period of six years at the Ohio Dept. Of Rehabilitation and Correct. These sentences are ordered to be served concurrently." Nothing else was mentioned on the record in regard to Williams' sentence. Therefore, as the State concedes, the trial court did fail to make necessary statutory findings on the record when imposing Williams' sentence.
 {¶ 7} Accordingly, in light of this concession and based on the foregoing reasons we find Williams' first assignment of error well-taken. As we have determined that the trial court failed to make the appropriate findings to sentence Williams on the record, his second assignment of error challenging the sentence as harsh or excessive is rendered moot. The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Grady, J., and Young, J., Concur.